Spencer Ulises **TASAYCO-JOHNSTON,** AKA Spencer Ulises Tasayco, **Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 16-71256**

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 20, 2017

---

Spencer Ulises Tasayco-Johnston, Pro Se

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, OIL, Stefanie A. Svoren-Jay, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Spencer Ulises Tasayco-Johnston, a native and citizen of Peru, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order and denial of a continuance. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo due process challenges. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Tasayco-Johnston a further continuance to pursue a U Visa application, where United States Citizenship and Immigration Services reopened his U Visa application and denied it on the merits during the pendency of his appeal, and therefore his motion was moot. *See* 8 C.F.R. § 1003.29; *Sandoval-Luna*, 526 F.3d at 1247 (no abuse of discretion to deny a continuance where relief was not immediately available); *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014)

("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice." (citations omitted)).

We lack jurisdiction to review Tasayco-Johnston's unexhausted contentions regarding the agency's removability determination and the IJ's compliance with 8 C.F.R. § 1240.1(b). *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (the court lacks jurisdiction to review claims not exhausted before the agency; when an alien files a brief with the BIA, he will be deemed to have exhausted only the issues raised and argued in the brief).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).